FILED - USDC - NDTX - LU

PETITION FOR WRIT OF HABEAS CORPUS: 28 USC §2254 (Rev. 9/10)
ADOPTED BY ALL FEDERAL COURTS IN TEXAS

IN THE UNITED STATES DISTRICT COURT

FOR THE Northern DISTRICT OF TEXAS

Lubbock DIVISION

PETITION FOR A WRIT OF HABEAS CORPUS BY A PERSON IN STATE CUSTODY (TDCJ)*

Rafael DIAZ
PETITIONER
(Full name of Petitioner)

Preston E. Smith unit
1313 CR 19
Lamesa, TX. 79331-1898
CURRENT PLACE OF CONFINEMENT

vs.

#02441232
PRISONER ID NUMBER

TDCJ Executive Director Bobby Lumpkin
RESPONDENT
(Name of TDCJ Director, Warden, Jailor, or authorized person having custody of Petitioner)

5:26-CV-143-H
CASE NUMBER
(Supplied by the District Court Clerk)

---

## INSTRUCTIONS - READ CAREFULLY

1. The petition must be legibly handwritten or typewritten and signed and dated by the petitioner, under penalty of perjury. Any false statement of an important fact may lead to prosecution for perjury. Answer all questions in the proper space on the form.

2. Additional pages are not allowed except in answer to questions 11 and 20. Do not cite legal authorities. Any additional arguments or facts you want to present must be in a separate memorandum. The petition, including attachments, may not exceed 20 pages.

3. Receipt of the $5.00 filing fee or a grant of permission to proceed *in forma pauperis* must occur before the court will consider your petition.

4. If you do not have the necessary filing fee, you may ask permission to proceed *in forma pauperis*. To proceed *in forma pauperis*, (1) you must sign the declaration provided with this petition to show that you cannot prepay the fees and costs, and (2) if you are confined in TDCJ-CID, you must send in a certified *In Forma Pauperis* Data Sheet form from the institution in which you are confined. If you are in an institution other than TDCJ-CID, you must send in a certificate completed by an authorized officer at your institution certifying the amount of money you have on deposit at that institution. If you have access or have had access to enough funds to pay the filing fee, then you must pay the filing fee.

5. Only judgments entered by one court may be challenged in a single petition. A separate petition must be filed to challenge a judgment entered by a different state court.

6. Include all of your grounds for relief and all of the facts that support each ground for relief in this petition.

7. Mail the completed petition and one copy to the U. S. District Clerk. The "Venue List" in your unit law library lists all of the federal courts in Texas, their divisions, and the addresses for the clerk's offices. The proper court will be the federal court in the division and district in which you were convicted (for example, a Dallas County conviction is in the Northern District of Texas, Dallas Division) or where you are now in custody (for example, the Huntsville units are in the Southern District of Texas, Houston Division).

8. Failure to notify the court of your change of address could result in the dismissal of your case.

---

## PETITION

**What are you challenging?** (Check all that apply)

- ☐ A judgment of conviction or sentence, probation or deferred-adjudication probation. (Answer Questions 1-4, 5-12 & 20-25)
- ☐ A parole revocation proceeding. (Answer Questions 1-4, 13-14 & 20-25)
- ☒ A disciplinary proceeding. (Answer Questions 1-4, 15-19 & 20-25)
- ☐ Other:__________ (Answer Questions 1-4, 10-11 & 20-25)

**All petitioners must answer questions 1-4:**
**Note:** In answering questions 1-4, you must give information about the conviction for the sentence you are presently serving, even if you are challenging a prison disciplinary action. (Note: If you are challenging a prison disciplinary action, do not answer questions 1-4 with information about the disciplinary case. Answer these questions about the conviction for the sentence you are presently serving.) Failure to follow this instruction may result in a delay in processing your case.

1. Name and location of the court (district and county) that entered the judgment of conviction and sentence that you are presently serving or that is under attack: Agg. assault
County: IRION case: CR19-009 sentence: 10 YRS.

2. Date of judgment of conviction: 3-13-2023

3. Length of sentence: 10 YRS.

4. Identify the docket numbers (if known) and all crimes of which you were convicted that you wish to challenge in this habeas action: N/A
appealing disiplinary proceeding

**Judgment of Conviction or Sentence, Probation or Deferred-Adjudication Probation:**

5. What was your plea? (Check one) ☒ Not Guilty ☐ Guilty ☐ Nolo Contendere

6. Kind of trial: (Check one) ☐ Jury ☐ Judge Only N/A

7. Did you testify at trial? ☐ Yes ☐ No

8. Did you appeal the judgment of conviction? ☐ Yes ☐ No

9. If you did appeal, in what appellate court did you file your direct appeal? N/A

   ____________ Cause Number (if known): ____________

   What was the result of your direct appeal (affirmed, modified or reversed)? ____________

   What was the date of that decision? ____________

   If you filed a petition for discretionary review after the decision of the court of appeals, answer the following:

   Grounds raised: ____________

   ____________

   Result: ____________

   Date of result: ____________ Cause Number (if known): ____________

   If you filed a petition for a *writ of certiorari* with the United States Supreme Court, answer the following:

   Result: ____________

   Date of result: ____________

10. Other than a direct appeal, have you filed any petitions, applications or motions from this judgment in any court, state or federal? This includes any state applications for a writ of habeas corpus that you may have filed. ☐ Yes ☐ No

11. If your answer to 10 is "Yes," give the following information:

    Name of court: N/A

    Nature of proceeding: ____________

    Cause number (if known): ____________

Date (month, day and year) you filed the petition, application or motion as shown by a file-stamped date from the particular court: ____________

Grounds raised: N/A ____________

____________

Date of final decision: ____________

What was the decision? ____________

Name of court that issued the final decision: ____________

As to any second petition, application or motion, give the same information:

Name of court: ____________

Nature of proceeding: ____________

Cause number (if known): ____________

Date (month, day and year) you filed the petition, application or motion as shown by a file-stamped date from the particular court:

____________

Grounds raised: ____________

____________

Date of final decision: ____________

What was the decision? ____________

Name of court that issued the final decision: ____________

*If you have filed more than two petitions, applications or motions, please attach an additional sheet of paper and give the same information about each petition, application or motion.*

12. Do you have any future sentence to serve after you finish serving the sentence you are attacking in this petition? ☐ Yes ☒ No

(a) If your answer is "Yes," give the name and location of the court that imposed the sentence to be served in the future: ____________

N/A ____________

(b) Give the date and length of the sentence to be served in the future: N/A

____________

(c) Have you filed, or do you intend to file, any petition attacking the judgment for the sentence you must serve in the future? ☒ Yes ☐ No

**Parole Revocation:**

13. Date and location of your parole revocation: N/A

14. Have you filed any petitions, applications or motions in any state or federal court challenging your parole revocation? ☐ Yes ☐ No

If your answer is "Yes," complete Question 11 above regarding your parole revocation.

**Disciplinary Proceedings:**

15. For your original conviction, was there a finding that you used or exhibited a deadly weapon? ☒ Yes ☐ No

16. Are you eligible for release on mandatory supervision? ☒ Yes ☐ No

17. Name and location of the TDCJ Unit where you were found guilty of the disciplinary violation: Preston E. Smith unit

Disciplinary case number: 20260150723

What was the nature of the disciplinary charge against you? assault on offender

18. Date you were found guilty of the disciplinary violation: 5/13/2026

Did you lose previously earned good-time days? ☒ Yes ☐ No

If your answer is "Yes," provide the exact number of previously earned good-time days that were forfeited by the disciplinary hearing officer as a result of your disciplinary hearing: 200 good time days

Identify all other punishment imposed, including the length of any punishment, if applicable, and any changes in custody status: 45 days Recreation, 46 days inmate phone/tablet, S3 line class to Line 1 reduction

19. Did you appeal the finding of guilty through the prison or TDCJ grievance procedure? ☒ Yes ☐ No

If your answer to Question 19 is "Yes," answer the following:

Step 1 Result: upheld case/sentence (No action)

Date of Result: May 2026

Step 2 Result: Grievance coodinator destroyed step 2 *

Date of Result: June 2026

**All petitioners must answer the remaining questions:**

20. For this petition, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Summarize briefly the facts supporting each ground. If necessary, you may attach pages stating additional grounds and facts supporting them.

CAUTION: To proceed in the federal court, you must ordinarily first exhaust your available state-court remedies on each ground on which you request action by the federal court. Also, if you fail to set forth all the grounds in this petition, you may be barred from presenting additional grounds at a later date.

A. **GROUND ONE:** Failure to allow, call and cross examine witnesses, by DHO Postorder PO-07.055 *

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Applicant Requests several witnesses and was denied that established Right by clear Rules in post order by both TX and Federal Law. DHO stated, "I'll take your word they will say what you say they will."

B. **GROUND TWO:** Charging officer offers bribe to accusing offender, and had NO direct Knowledge of the offense.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

charging officer by policy has to have direct knowledge of the offense, and did not, Insteadd, offering a bribe to complaintant for (false info) against accused offender and granting unit transfer, no case, use of him as a confidential informant with no prior established trustworthyness and to hide complainants drug/narcotic use out of public view.

C. **GROUND THREE:** Self defense from under the influence offender.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

By TX Law, anyone is able to defend themselves from anyone seeking to harm them, which in this case was justified as he was not provoked but under the influence of narcotics and why he attacked me. I was not engaged in his criminal activity.

D. **GROUND FOUR:** I.A.C Ineffective assistance of counsel - counsel substitute deficiency.

Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Counsel substitute aides greivance Investigators in destroying step 2 greivance, fails to report DHO and greivance to employer, because all work for same tdcj depts. Office of Disiplinary coordination and Greivance program.

21. Relief sought in this petition: Immediate Restoration of all good time, Line class and a Immediate unit transfer to unit where I wont be subject to drug/narcotics trafficking and sales to inmates who need to Recover from narcotic use, not be sold narcotics and overdose and attack fellow inmates.

22. Have you previously filed a federal habeas petition attacking the same conviction, parole revocation or disciplinary proceeding that you are attacking in this petition? ☐ Yes ☒ No

If your answer is "Yes," give the date on which each petition was filed and the federal court in which it was filed. Also state whether the petition was (a) dismissed without prejudice, (b) dismissed with prejudice, or (c) denied.

N/A

If you previously filed a federal petition attacking the same conviction and such petition was denied or dismissed with prejudice, did you receive permission from the Fifth Circuit to file a second petition, as required by 28 U.S.C. § 2244(b)(3) and (4)? ☐ Yes ☒ No

23. Are any of the grounds listed in question 20 above presented for the first time in this petition? ☒ Yes ☒ No

If your answer is "Yes," state briefly what grounds are presented for the first time and give your reasons for not presenting them to any other court, either state or federal.

N/A

24. Do you have any petition or appeal now pending (filed and not yet decided) in any court, either state or federal, for the judgment you are challenging? ☐ Yes ☒ No

If "Yes," identify each type of proceeding that is pending (i.e., direct appeal, art. 11.07 application, or federal habeas petition), the court in which each proceeding is pending, and the date each proceeding was filed.

N/A

25. Give the name and address, if you know, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: N/A

(b) At arraignment and plea:

(c) At trial:

(d) At sentencing:

(e) On appeal:

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding: ____________

N/A

**Timeliness of Petition:**

26. If your judgment of conviction, parole revocation or disciplinary proceeding became final over one year ago, you must explain why the one-year statute of limitations contained in 28 U.S.C. § 2244(d) does not bar your petition.[1]

N/A - current since May 2026

---

[1] The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), as contained in 28 U.S.C. § 2244(d), provides in part that:

(1) A one-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Wherefore, petitioner prays that the Court grant him the relief to which he may be entitled.

N/A
Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Petition for a Writ of Habeas Corpus was placed in the prison mailing system on

June, 29th 2026 (month, day, year).

Executed (signed) on 6/29/26 (date).

[signature]
Signature of Petitioner (required)

Petitioner's current address: Preston E. Smith unit 1313 CR 19
Lamesa, TX. 79331-1898

# SEPARATE LEGAL MEMORANDOM

Here comes applicant RAFAEL DIAZ #02441232, currently @ TDCJ Smith unit. This is an attachment to writ 2254.

GROUND ONE:

Failure to allow,call and cross examine witnesses who could have provided testimony that the complainant offender was in fact under the influence of narcotics sold to him by tdcj staff, and is why he attacked me being in a full blown reaction to the synthetic marijuana (K2) that caused his "episode". I had to defend myself from this offender under the influence.

I have here a presentation of TDCJ DHO post order PO-07.055 copies of specific subjects pertaining to my case and writ. The next 4 pages will outline specific rules, law, procedures and policies set forth by TDCJ, the state of Texas and the federal government. Ground one covers witnesses and the necessity of them. DHO plainly stated on record and in front of counsel substitute that he would take accused offenders word that relevant witnesses would say what he stated they would say and failed to call them against all above law.******

Texas Department of Criminal Justice

Number: PO-07.055 (rev. 2)

Date: November 4, 1998

Page: 1 of 4

Supersedes: PO - 07.055 (rev. 1) July 1, 1996

Authority: Gary L. Johnson, Director Institutional Division

# POST ORDER

SUBJECT: DISCIPLINARY HEARING OFFICER

AUTHORITY: Texas Government Code Section 494.001; TDCJ *Disciplinary Rules and Procedures for Offenders*.

PURPOSE: To establish the duties and responsibilities of the Disciplinary Hearing Officer.

PROCEDURES:

The Disciplinary Hearing Officer (DHO) shall be responsible for following the procedures outlined in the TDCJ-ID *Disciplinary Rules and Procedures for Offenders* when an offender is charged with a rule violation. The DHO shall:

A. Ensure all procedures necessary are followed prior to the hearing; and

B. Ensure all procedures necessary are followed during the hearing.

II. Additional Guidelines

A. Hearings may be held anywhere the DHO can convene that has electricity for the tape recorder, with limited background noise for audible taping, and is outside the hearing of other offenders.

B. The DHO is responsible for conducting a fair and impartial hearing at all times and to maintain the integrity of the disciplinary process.

C. The DHO is a "finder of facts" and shall make every effort to ensure all the facts are introduced at each hearing and shall determine the credibility of those facts presented.

D. The DHO is responsible for assisting the Warden in administering the unit's offender disciplinary process, coordinating the hearing schedule and unit offender discipline training efforts with relevant unit staff, and serving as adjudicator of major disciplinary hearings.

E. The DHO is responsible for rendering a fair and just decision based only on evidence presented and considered at the hearing. The DHO's decisions must be his alone. Unit

2

administration officials may, however, provide general direction and training to the DHO based on their knowledge and correctional experience. For those facilities that house in-patient psychiatric or mentally retarded offenders, the DHO in conjunction with the treatment team, will process rule violations referred security.

F. The DHO shall follow the official hearing script as it appears in the *Disciplinary Rules and Procedures for Offenders* to ensure Due Process requirements, other agency procedures are followed, and uniformity of the hearing process is maintained.

G. The designated DHO must be trained and certified by the Office for Disciplinary Coordination within 90 days of assuming the duties and responsibilities of a hearing officer for major disciplinary hearings. This requirement applies to any person who has not served as a DHO prior to the effective date of this Post Order. A certificate will be issued upon completion of DHO basic training.

H. The DHO shall ensure the standard offense pleading describes the offense(s), the elements of the charge(s) are compatible with the violation of which the offender is charged, and that any reasonable person can understand the report and present a defense.

1. The charge must be true as written; and

2. The narrative shall be chronological in order.

I. The DHO shall call as many witnesses as necessary to present all evidence.

1. There is no minimum or maximum number of witnesses. The number must be determined on a case-by-case basis;

2. Repetitious and frivolous testimony can be excluded; and

3. The DHO may stipulate that a witness' proposed testimony is acceptable, but must consider the testimony as if presented live by the witness.

J. When it becomes necessary to grant a continuance after a hearing has started, the following guidelines shall be used:

1. Temporary Continuance

a. Orally note on tape recording the reason for the continuance and the time before stopping the hearing; and

b. Upon continuation, start recording and orally identify the offender, case number, time, and reason for continuance.

2. Long-Term Continuance

a. Orally note on the tape recording, the reason for the continuance and time before stopping the recording. Note on the hearing record (I-47MA), that the hearing was continued and the reason the continuance was granted;

3

How much process is due depends on the competing interests of the person and the government and in a balance between the two. The loss of liberty by revocation of parole is greater than being placed in solitary confinement or losing good conduct time due to a disciplinary rule violation. The greater the loss, the greater the procedural due process protections required. Although an offender has a "liberty interest" when given loss of good conduct time for a rule violation, he is already in prison and is not subject to an immediate loss of freedom. Court decisions and administrative policies have established the extent of due process for prison disciplinary hearings.

*Wolff vs. McDonnell*

The U. S. Supreme Court helped decide how much due process was needed in prison disciplinary hearings when it decided *Wolff vs. McDonnell* in 1974. Under *Wolff*, the court held an offender was due the following procedures in a prison disciplinary hearing:

1. Right to be present at a hearing.

2. Right to advance written notice of the alleged rule violation (at least 24 hours before the hearing).

3. Right to call witnesses and present documentary evidence on the offender's behalf except when it would be unduly hazardous to institutional safety or correctional goals.

4. Right to an impartial hearing officer.

5. Right to a written statement by the hearing officer outlining the evidence relied on and the reasons for the decision.

6. Right to assistance from an offender or staff when an illiterate offender was charged with an offense or where "the complexity of the issues make it unlikely an inmate will be able to collect and present the evidence necessary for an adequate comprehension of the case."

*Baxter vs. Palmigiano*

The U. S. Supreme Court elaborated on the due process required at prison disciplinary hearings under *Baxter vs. Palmigiano* issued in 1976. Under *Baxter*, the court held the following:

1. An inmate's silence may be used against him as an inference of guilt; however, silence alone could not support a finding of guilt.

2. An inmate does not have the right to retained or appointed counsel in hearings.

## WITNESSES

Due process and TDCJ's disciplinary rules and procedures entitle the accused offender to call witnesses and present documentary evidence at a disciplinary hearing. This does not mean that every requested witness and item of documentary evidence must be admitted and presented at a disciplinary hearing. Witnesses and documentary evidence may be denied, but the denials must be *justified*. The following is a discussion of the limitations and related requirements associated with providing these two procedures.

When a witness is requested, the hearing officer should consider the following principles:

- The accused offender has a right to call witnesses.
- TDCJ has the burden to justify a refusal for a witness.
- Denials must be made on a case by case basis.
- The reason for denial must be written on the hearing record and stated on the tape.
- Counsel substitutes may present written summaries of the testimony of witnesses or read Witness Statements that *may* eliminate the need to have a witness present.

Denials of Requested Witness

1. **Relevance**

If a witness' testimony is relevant, the testimony should have something to say about whether or not the accused is guilty.

If the witness does not have any knowledge regarding the facts surrounding the incident (such as a character witness), the hearing officer may exclude the witness because of the witness' lack of relevant information.

- For instance, if the accused offender has requested the warden as a witness, the hearing officer may ask the accused offender what testimony he/she expects the warden to provide. If the warden does not have any knowledge of the facts surrounding the incident, the warden may be properly excluded as a witness. An evaluation of the relevancy of a witness' testimony can be based upon an interview with the accused offender regarding the testimony that would be expected from the witness or by a review of any statements obtained from the witness before the hearing.

GROUND TWO:

The charging officer did not in any shape, form or fashion have (DIRECT KNOWLEDGE) of the offense then gained false information from complainant offender who gave testimony which definitely left out the fact that he was under the influence of narcotics and attacked offender diaz who only defended himself.

The charging officer then and willfully offered a bribe for any information to establish blame on offender Diaz, being that she did not want there to be on the record any information on drug/narcotic trafficking under her authority as part of the safe prisons program and security threat group office. Specifically defying all tdcj rules and procedures for having to verify “direct knowledge” of the offense. Which she did not and bribed the other offender for false information used to charge Diaz.

Next pages 5-8 are established rules and procedures set by tdcj and the government that were plain as day violated for specific reasons of biased and illegal manner.

Furthermore, to use any info from an offender in that manner would have to be by tdcj's confidential informant program and the complainant offender would not qualify at all being a drug/narcotic user and any testimony given would not be valid being unreliable.

# TEXAS DEPARTMENT OF CRIMINAL JUSTICE

# DISCIPLINARY RULES AND PROCEDURES FOR INMATES

# Correctional Institutions Division

**OCTOBER 2024**

**GR-106**

(6)

# DISCIPLINARY PROCEDURES

If an inmate violates a rule of the TDCJ, the inmate may be penalized. All disciplinary rules for which an inmate may be penalized shall be in written form, provide adequate notice of the conduct prohibited and the consequences for engaging in prohibited conduct, and be adequately distributed or posted. The following procedures will be followed when an inmate violates a TDCJ rule.

## I. GENERAL PROCEDURES AND REQUIREMENTS

### A. Reporting Infractions

When a TDCJ, Windham School District, or contract employee witnesses or has knowledge of any act by an inmate in violation of TDCJ rules and regulations, the employee first shall attempt, if appropriate, to resolve the matter informally. If a volunteer becomes aware of a violation, the volunteer shall report the incident to a TDCJ employee. Informal resolution may include counseling, verbal reprimand, or the giving of an instruction, warning, or order. Informal resolution is not appropriate for any offense that poses a risk to the security of the institution, such as solicitation of staff to violate a rule or policy, an attempt to establish an inappropriate relationship, or possession of dangerous contraband.

1. If the incident cannot or may not be resolved informally by the observing employee, the employee shall bring the matter to the attention of the supervisor on duty or complete an Offense Report, I-210, whichever is appropriate at the time of the incident. The supervisor shall attempt, if appropriate, to resolve the matter informally.

2. If the supervisor cannot resolve the incident informally, an Offense Report and a Preliminary Investigation Report (reverse side of the I-210 form) shall be completed. The Offense Report shall be written by someone who has direct knowledge of the incident. The Preliminary Investigation Report shall be conducted by a different staff member, with the rank of correctional officer V or above, who is not the charging officer or a person who is involved in the incident.

3. Upon completion of the Offense Report and Preliminary Investigation Report, the supervisor shall review the information and determine whether informal resolution is appropriate. If the incident cannot be resolved informally, a Disciplinary Report shall be completed, formally charging the inmate with violating a TDCJ rule. All offense reports, including those informally resolved, shall be forwarded to the unit disciplinary office for processing.

    a. The Disciplinary Report shall be generated on the appropriate form (Form I-47MA or Form I-47MI).

    b. The Disciplinary Report shall include the following information: the accused inmate's name, TDCJ number, unit of assignment, housing, and job assignment; the reporting officer's name and title; the code number and title of the offense; the date of the offense; and a

# Texas Penal Code - PENAL § 36.02. Bribery

Current as of January 01, 2024 | Updated by Findlaw Staff

(a) A person commits an offense if he intentionally or knowingly offers, confers, or agrees to confer on another, or solicits, accepts, or agrees to accept from another:

(1) any benefit as consideration for the recipient's decision, opinion, recommendation, vote, or other exercise of discretion as a public servant, party official, or voter;

(2) any benefit as consideration for the recipient's decision, vote, recommendation, or other exercise of official discretion in a judicial or administrative proceeding;

(3) any benefit as consideration for a violation of a duty imposed by law on a public servant or party official; or

(4) any benefit that is a political contribution as defined by Title 15, Election Code, [1] or that is an expenditure made and reported in accordance with Chapter 305, Government Code, if the benefit was offered, conferred, solicited, accepted, or agreed to pursuant to an express agreement to take or withhold a specific exercise of official discretion if such exercise of official discretion would not have been taken or withheld but for the benefit; notwithstanding any rule of evidence or jury instruction allowing factual inferences in the absence of certain evidence, direct evidence of the express agreement shall be required in any prosecution under this subdivision.

(b) It is no defense to prosecution under this section that a person whom the actor sought to influence was not qualified to act in the desired way whether because he had not yet assumed office or he lacked jurisdiction or for any other reason.

(c) It is no defense to prosecution under this section that the benefit is not offered or conferred or that the benefit is not solicited or accepted until after:

(1) the decision, opinion, recommendation, vote, or other exercise of discretion has occurred;

8

# CONFIDENTIAL INFORMANT CASES

Administrative Memorandum 89-V1-E.4-01 was drafted and subsequently revised to provide direction when using information in the disciplinary process provided by confidential informants. It states that care must be exercised to protect the identity of confidential informants and clearly states that confidential informant testimony is useful as additional information only and should not be used as the sole source of information to establish an inmate's guilt. Since all rule violations are not necessarily observed by TDCJ employees but may in fact be observed by other inmates, the temptation for hearing officer to find guilt and assess punishment based only upon a victims testimony of another inmate informant becomes quite strong. Especially when the victim has indeed suffered serious injury at the hand of another inmate and no other evidence has been forth coming. Such findings, more often that not, result in appeals being filed and upheld at Step II in the grievance process.

Properly used, the confidential informant information starts an investigation to provide some additional facts and/or evidence to support a legitimate disciplinary charge. Improperly used, however, the information becomes a source for overturned cases and fodder for the shredder.

Included in the following pages are:

1. Confidential Informant Case Monthly Report.
2. Confidential Informant Log.
3. Confidential Informant Checklist.
4. Confidential Informant Question Sheet.

Confidential Informant Case Monthly Report

We have received some inquiries about the Monthly Confidential Informant Activity Log Report: who to send it to; how to send it; and what exactly to send and by whom. The following is provided to answer these questions.

1. What cases should be reported:

   What we need to know is the number of cases (as well as the case numbers) tried in which information from a confidential informant (CI) was used at the disciplinary hearing to find an inmate guilty. The disciplinary hearing officer is responsible for identifying these disciplinary cases.

- A confidential informant case is one in which a confidential informant's testimony was presented at the disciplinary hearing according to Administrative Memorandum - Disciplinary No. 89-VI.E.4-0 (rev. 1).
- The case should by listed on the Monthly Confidential Informant Log only if the informant's testimony was actually presented and used as part of the evidence to find the accused guilty. A copy of the Log is attached to the referenced memorandum.

2. Who should send the report?

GROUND THREE:

Self defense TX established law is set forth to show reasonable force that can be used in light of certain circumstances. Those exact circumstances here are that the offender was under the influence of namely (K2) synthetic marijuana when he attacked offender Diaz. Also disciplinary case# 20190260392 was overturned for the same exact circumstances as that offender was under the influence of narcotics and attacked offender Eric Carrillo and the charging officer did not have direct knowledge of the offense and offered a bribe to extract that false info from the intoxicated offender. Likewise this case should be overturned. See next pages 9-12.

GROUND FOUR:

Counsel substitute views and observes exact "infractions and improprieties observed in the disciplinary process" and failed to report it as stated on page 13 and 14, ...."should be recorded and reported by the counsel substitute to his/her immediate supervisor." step 2 grievance was destroyed and later advised to tx prisoner advocate and family members of diaz as lost in transient.

I offender rafael diaz ask and pray for relief in this matter.

Rafael Diaz # 02441232 @ smith unit TDCJ

[signature]

# Texas Penal Code - PENAL § 9.31. Self-Defense

Current as of January 01, 2024 | Updated by Findlaw Staff

(a) Except as provided in Subsection (b), a person is justified in using force against another when and to the degree the actor reasonably believes the force is immediately necessary to protect the actor against the other's use or attempted use of unlawful force. The actor's belief that the force was immediately necessary as described by this subsection is presumed to be reasonable if the actor:

(1) knew or had reason to believe that the person against whom the force was used:

(A) unlawfully and with force entered, or was attempting to enter unlawfully and with force, the actor's occupied habitation, vehicle, or place of business or employment;

(B) unlawfully and with force removed, or was attempting to remove unlawfully and with force, the actor from the actor's habitation, vehicle, or place of business or employment; or

(C) was committing or attempting to commit aggravated kidnapping, murder, sexual assault, aggravated sexual assault, robbery, or aggravated robbery;

(2) did not provoke the person against whom the force was used; and

(3) was not otherwise engaged in criminal activity, other than a Class C misdemeanor that is a violation of a law or ordinance regulating traffic at the time the force was used.

(b) The use of force against another is not justified:

(1) in response to verbal provocation alone;

(2) to resist an arrest or search that the actor knows is being made by a peace officer, or by a person acting in a peace officer's presence and at his direction, even though the arrest or search is unlawful, unless the resistance is justified under Subsection (c);

(3) if the actor consented to the exact force used or attempted by the other;

(10)

TDCJ DISCIPLINARY REPORT AND HEARING RECORD

CASE#: 20190327292 TDCJNO: 01440791 NAME: CARRILLO, ERIC RUBEN SA: S.A
UNIT OF ASSIGN: [illegible] 02 B JOB: PRE-HEARING DETENTION IQ: [illegible]
CLASS: L3 CUST: P4 PRIMARY LANGUAGE: ENGLISH LING RESTRICTIONS: [illegible]
GRADE: [illegible] / [illegible] OFF.DATE: 06/22/19 02:46 PM LOCATION: ST 7 BUILDING
TYPE: [illegible]

OFFENSE DESCRIPTION

ON THE DATE AND TIME LISTED ABOVE, AND AT ST 7-BLDG-1-POD-1-SECTION-3-ROW, OFFENDER: CARRILLO, ERIC RUBEN, TDCJ-ID NO. 01440791, DID ENGAGE IN A FIGHT WITH OUT A WEAPON WITH OFFENDER ROBINSON, TONY TDCJ NO. 79[illegible]447, BY STRIKING EACH OTHER IN THE HEAD & BODY. MOREOVER, THE FIGHT RESULTED IN INJURIES TO OFFENDER ROBINSON THAT REQUIRED TREATMENT BEYOND FIRST AID.

CHARGING OFFICER: CORDLE, T. LT SHIFT/CARD: 1 1

OFFENDER NOTIFICATION IF APPLICABLE INTERPRETER

TIME/DATE NOTIFIED: 3:45 pm 6/11/19 BY: (PRINT) [illegible]
YOU WILL APPEAR BEFORE HEARING OFFICER 24 HOURS OR MORE AFTER RECEIPT OF THIS NOTICE. DO YOU WANT TO ATTEND THE HEARING? (YES) NO IF NO, HOW DO YOU PLEAD? GUILTY NOT GUILTY
OFFENDER NOTIFICATION SIGNATURE: [signature] DATE: 6-2[illegible]
BY SIGNING BELOW, YOU GIVE UP YOUR RIGHT TO 24 HOUR NOTICE AND AUTHORIZE THE HEARING OFFICER TO PROCEED WITH THE HEARING.
OFFENDER WAIVER SIGNATURE: [signature] DATE: 6-[illegible]

HEARING INFORMATION

HEARING DATE: 7-7-19 TIME: 13[illegible] UNIT: [illegible] FOLDER: [illegible] FILE: [illegible] DSFILE: [illegible]
COUNSEL SUBSTITUTE AT HEARING: [illegible] FOLDER: [illegible] FILE: [illegible] DSFILE: [illegible]
EXPLAIN BELOW BY NUMBER: (1) IF COUNSEL SUBSTITUTE WAS NOT PRESENT DURING PART HEARING, (2) IF ACCUSED OFFENDER WAS CONFINED IN PRE-HEARING DETENTION MORE THAN 72 HOURS PRIOR TO HEARING. (3) IF ACCUSED WAS EXCLUDED FROM ANY PART OF THE EVIDENCE STAGE. (4) IF ANY WITNESSES OR (5) DOCUMENTATION WAS EXCLUDED FROM HEARING (6) IF OFFENDER WAS DENIED CONFRONTATION AND/OR CROSS-EXAMINATION OF A WITNESS AT THE HEARING (7) IF HEARING WAS NOT HELD WITHIN SEVEN DAYS, EXCLUDING WEEKENDS AND HOLIDAYS, FROM THE OFFENSE DATE AND. (8) IF INTERPRETER USED: (SIGNATURE) [illegible handwriting]

OFFENDER STATEMENT: [illegible handwriting]
OFFENSE CODES: 02.3
OFFENDER PLEA: (G, NG, NONE) [illegible]
FINDINGS: (G, NG, DS) [illegible]
REDUCED TO MINOR (PRIOR TO DOCKET) __ (DOCKET) __ (HEARING) __ BY: (INITIAL) ____
IF GUILTY, EVIDENCE PRESENTED, CONSIDERED, AND REASON(S) FOR DETERMINATION OF GUILT: A) ADMISSION OF GUILT (B) OFFICER'S REPORT C) WITNESS TESTIMONY (D) OTHER. EXPLAIN IN DETAIL: [illegible handwriting]

PUNISHMENT

LOSS OF PRIV (DAYS) ____ REPRIMAND........ ____
RECREATION (DAYS) ____ EXTRA DUTY (HOURS)........ ____ REMAIN LINE 3........ ____
COMMISSARY (DAYS) 60 CONT. VISIT SUSP. THRU ____ REDUC. CLASS FROM ____ TO ____
PROPERTY (DAYS)...____ CELL RESTR (DAYS)........ [illegible] GOOD TIME LOST (DAYS). ____
OTS (DAYS)... [illegible] SPECIAL CELL RESTR (DAYS). ____ DAMAGES/FORFEIT. ____
SPECIFIC FACTUAL REASON(S) FOR PARTICULAR PUNISHMENT IMPOSED: [illegible handwriting]

CREDIT FOR PRE-HEARING DETENTION TIME? YES (DAYS) ____ NO
DATE PLACED IN PRE-HEARING DETENTION [illegible] HEARING LENGTH [illegible] (MINUTES)
OFFENDER SIGNATURE FOR RECEIPT OF FINAL REPORT: [illegible handwriting]

[signature]
HEARING OFFICER (PRINT) WARDEN REVIEWER SIGNATURE
(FORM I-47(A)) CONTACT COUNSEL SUBSTITUTE IF YOU DO NOT UNDERSTAND THIS FORM.
(REV. 07-10) COMUNIQUESE CON SU CONSEJERO SUSTITUTO SI NO ENTIENDE ESTA FORMA

(11)

Texas Department of Criminal Justice

# STEP 1 OFFENDER GRIEVANCE FORM

*Disiplinary Appeal*

OFFICE USE ONLY

Grievance #: 2019151322

Date Received: JUL 0 9 2019

Date Due: 08-08-19

Grievance Code: 400

Investigator ID #: I-1772

Extension Date: 09-07-19

Date Retd to Offender: NOV 0 6 2019

Offender Name: ERIC R. CARRILLO TDCJ # 1440791

Unit: Stiles Housing Assignment: 11-AH-3

Unit where incident occurred: Stiles unit

(Level 1 Code 23 7/2/19) (402/403/404/405/406/408/409/411/(423))*

You must try to resolve your problem with a staff member before you submit a formal complaint. The only exception is when appealing the results of a disciplinary hearing.

Who did you talk to (name, title)? DHO (L. Kwod) / C/S (Ms. Hamilton) When? 7-2-19

What was their response? "Per policy, you should have called for help."

What action was taken? Denial of cross-examination, entry of evidence and excessive punishm...

State your grievance in the space provided. Please state who, what, when, where and the disciplinary case number if appropriate

On (7-2-19) DHO (Kwod) ran case #20190260392 in errors. I did request by written document to C/S (Hamilton) on (6-27-19) to have cameras footage reviewed and statement witness (Lt. Cardle) for cross-examination and was denied, which would have revealed (Lt. Cardle) did not have the direct knowledge of the alleged offense, according to pg. 1 Disip. Handbook; "the offense report shall be written by some one with direct knowledge of the incident."; proven he did not, because he placed me in PHD over 24 hrs. after the alleged offense, and obtaining the info. by offender (Robinson) in violation of PD-22 #34) Accepting goods, money, services ("info.") or favors: "An employee is prohibited from (2) commiting bribery, that is, soliciting, "accepting" or agreeing to accept any benefit in exchange for any exercise of official discretion." TX penal code (§ 36.02) "Bribery". DHO (Kwod) failed to document the exlusion of footage and testimony / cross-examination of Lt. Cardle) on the (I-47) and the DVD of the event was not attached to the Report. (Offender Robinson) gave false info, for benifit, to be transfered off the unit as proven by his request on the (API) complaint, violating Rule (29.0) "making false statement, to harm another during official investigation." Presenting me as an aggressor, when I was only defending myself from him who robbed me (and my family) of 15 stamps, admitted to it, then challenged me to fight with threats, even as I walked away 3 times from him, even all the way to 3 row shower area, where he blocked my way off of 3 row by swinging on me, then I did defend myself, while the picket and floor officers saw the whole incident and never called an (I.C.S). C/S (Hamilton) acquired an statement from grievance dept. that was false. I have had 3 settlements / Grievance #'s 2017125653 / 2018189112 / 2019003732 and have 2 active claims now, not 1 settlement and 1 active. I brought the documents with me to court and (DHO) failed to document their exclusion on (I-47). Furthermore, about 2 weeks prior, same pod, section, (DHO) and (C/S) ran a case on offender Morin #1987323 and (Reynolds) in a fight case about stolen property in which (offender Morin) defended himself and was given 5 to 6 days recreation restriction,



when he had 3 witnesses and I had 4 and the cameras were reviewed to determine that. He was given minor punishment, while I was punished an excessive amount beyond 45 days limit in direct violation ... (Kwod) ... states "In accordance to the →

(12)

sentencing guidelines, it is likewise important to insure that punishments [illegible] imposed [illegible] offenders should receive similar punishments for the same or similar violations." These 2 alleged fights were 2 or less weeks apart with (Morin) with "minor" punishment and (I) with "excessive". Also offender Robinson) who instigated the incident, where I had to defend myself was not given same or "like" punishment either and "Boasts" about it. DHO (Knod) violated PD-22 #20) "The violation of statutory authority / court order / rules / reg. / policies (TX penal code §39.04) "The violations of civil rights of persons in custody". "Not being aware of the existance / afore-mentioned is not a defense for violation", as stated in the PD-22, will also being the Hearing was not held in 72 hours of placement in PHD, and conducted beyond 7 days, which even till now (7-5-19) and beyond I'm still in PHD, even after the hearing. I also asked for a statement from (Robinson) why we were in conflict and (C/S) failed to obtain, and not document (I-47)

**Action Requested to resolve your Complaint.** Immediate overturned - case #20190260392 due to denial of evidence, excessive punishment, procedural errors, PD-22 violations by C/S Hamilton) and DHO (Knod), (Lt. Coodle) and false statements by (officer Robinson #79844.

**Offender Signature:** [signature] **Date:** 7-5-19

**Grievance Response:**

Your grievance was investigated and disciplinary case #20190260392 was overturned with the unit's option to rehear. No further action is warranted in this matter.

Warden K Smith

**Signature Authority:** [signature] **Date:** 11-5-18

**If you are dissatisfied with the Step 1 response, you may submit a Step 2 (I-128) to the Unit Grievance Investigator within 15 days from the date of the Step 1 response. State the reason for appeal on the Step 2 Form.**

**Returned because:** ***Resubmit this form when the corrections are made.**

- ☐ 1. Grievable time period has expired.
- ☐ 2. Submission in excess of 1 every 7 days. *
- ☐ 3. Originals not submitted. *
- ☐ 4. Inappropriate/Excessive attachments. *
- ☐ 5. No documented attempt at informal resolution. *
- ☐ 6. No requested relief is stated. *
- ☐ 7. Malicious use of vulgar, indecent, or physically threatening language. *
- ☐ 8. The issue presented is not grievable.
- ☐ 9. Redundant, Refer to grievance #________
- ☐ 10. Illegible/Incomprehensible. *
- ☐ 11. Inappropriate. *

**UGI Printed Name/Signature:** ________

**Application of the screening criteria for this grievance is not expected to adversely Affect the offender's health.**

**Medical Signature Authority:** ________

**OFFICE USE ONLY**

**Initial Submission** UGI Initials: ____

Grievance #: ____

Screening Criteria Used: ____

Date Recd from Offender: ____

Date Returned to Offender: ____

**2nd Submission** UGI Initials: ____

Grievance #: ____

Screening Criteria Used: ____

Date Recd from Offender: ____

Date Returned to Offender: ____

**3rd Submission** UGI Initials: ____

Grievance #: ____

Screening Criteria Used: ____

Date Recd from Offender: ____

Date Returned to Offender: ____

3

# TEXAS DEPARTMENT OF CRIMINAL JUSTICE

## PROGRAMS AND SERVICES
## INTER-OFFICE COMMUNICATION

**To:** Counsel Substitute Program
Office of Disciplinary Coordination

**Date:** February 22, 2000

**From:** Linda Patteson
Assistant Director
Programs and Services

**Subject:** Offender Disciplinary Program

---

May this serve to advise staff of changes in the structure of the offender disciplinary program. The changes, as listed below, will be implemented March 15, 2000:

- The Office of Disciplinary Coordination (ODC) will assume the audit function for the offender disciplinary program. Counsel Substitute Program (CSP) staff will not perform audits. CSP staff will correct deficiencies if noted by the ODC and will implement any recommended changes in operation.

- The regional CSP Disciplinary Coordinator will be responsible for the training of newly appointed Disciplinary Hearing Officers.

- The automated program for recording and tracking disciplinary activity throughout the system will be a shared responsibility for the CSP and ODC. Suggestions for changes will be submitted jointly to the department heads of the CSP and ODC for their concurrence and coordination.

- All statistical reports related to the offender disciplinary program will be produced by the ODC. Information compiled at the unit level will be submitted in accordance with established policy and procedure (being developed).

These changes will establish an independent monitor of the disciplinary system and allow for continuous training of unit disciplinary staff.

LP

14

## COUNSEL SUBSTITUTE

The following is an excerpt from the *Counsel Substitute Manual (Revised 10/00)*. It is provided to describe the program's function.

### PROGRAM FUNCTION

The Counsel Substitute Program is composed of non-uniformed TDCJ employees whose responsibility is to represent offenders in the disciplinary process. The goal of the Counsel Substitute Program is to provide uniform advocacy for offenders throughout the system by using centralized forms, reports, procedures and training. The regulations, stipulations and agreements governing the disciplinary process dictate the role of the Counsel Substitute.

The Counsel Substitute will investigate charges and develop all avenues of advocacy necessary to ensure that full due process is afforded the offender during the process. A good advocate uses effective witnesses and clear documentary evidence (including rules and regulations governing due process). In cases where security mandates that the offender not be present during restricted testimony, the Counsel Substitute will be present on the offender's behalf and safeguard the interests of the offender during such testimony.

The Counsel Substitute will protect the rights guaranteed to offenders before, during and after the disciplinary hearing. When appropriate, all reasonable effort will be made to assist offenders who request help in filing an appeal. Infractions and improprieties observed in the disciplinary process should be recorded and reported by the Counsel Substitute to his/her immediate supervisor.

The Counsel Substitute Program will maintain proper statistics and records to allow for evaluation of individual performance, the modification of staff allocation, the distribution of a unit/facility caseload and the adequacy of the scope of services provided by the program. The Counsel Substitute will keep abreast of all changes in law, policy and schedules necessary to properly perform required duties. Provisions will be established to ensure that all Counsel Substitute staff is professional, objective, autonomous and sensitive to cultural diversity.

UNITED STATES POSTAL SERVICE

PRIORITY® MAIL

UNITED STATES POSTAL SERVICE. Retail

P

US POSTAGE PAID
$14.00
Origin: 76569
06/30/26
4877250506-01

PRIORITY MAIL®

0 Lb 5.80 Oz
RDC 03

EXPECTED DELIVERY DAY: 07/03/26

C067

SHIP TO:
RM 209
1205 TEXAS AVE
LUBBOCK TX 79401-4027

USPS TRACKING® #

9505 5169 6556 6181 1478 13

PADDED F
ONE RATE ■ ANY

To schedule free Pack
scan the QR c

USPS.COM/PIC

TRACKED

PS00001000016

Padded Flat Rate Envelope
EP14PE July 2022
ID: 9.5 x 12.5

UNITED STATES POSTAL SERVICE. | PRIORITY® MAIL
VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE

FROM: Rafael Diaz #02441232
Preston E. Smith unit
1313 CR 19
Lamesa, TX. 79331-1898

TO: U.S. District court
Attn: (District clerk 2254 writ)
1205 Texas Ave
(Room 209)
Lubbock, TX. 79401-4091

Label 228, December 2023 FOR DOMESTIC AND INTERNATIONAL USE

VISIT US AT USPS.COM
ORDER FREE SUPPLIES ONLINE

For Domestic shipments, the maximum weight is 70 lbs. For international shipments, the maximum weight is 20 lbs.